**Dated: October 06, 2011
The following is SO ORDERED.**

_____
G. Harvey Boswell
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| In Re: | Chapter 13 |
| JACKIE JEROME HART | |
| Debtor(s) | Case No. 11-12122 |

**Order Confirming Plan**

It appearing to the Court that the debtor(s) have filed a plan which has been sent to the scheduled creditors; that at the confirmation hearing it appeared to the Court from the statements of the Chapter 13 Trustee, and the entire record herein that the plan as finalized complies with 11 U.S.C.A. §1325(a) and other applicable provisions of the Bankruptcy Code; and that the plan should be confirmed;

THEREFORE,

1. That the debtor's plan, which is attached hereto, is confirmed;

2. That the debtors pay into the plan as follows:

Debtor One Employer:    MARVIN WINDOWS                                    $94.00 EVERY TWO WEEKS

If this is different from the originally proposed plan, then the Trustee is ordered to enter a separate order changing payment, and further that the debtor(s) future earnings shall remain under the exclusive control of this Court. In the event of dismissal, or conversion, funds held by the Trustee should be paid over to creditors unless otherwise ordered by the Court.

3. All property shall remain property of the Chapter 13 estate under §§541(a) and 1306(a) and shall revest in the debtor(s) only upon discharge pursuant to §1328(a), dismissal of the case, or specific order of the Court. The debtor(s) shall remain in possession of and in control of all property of the estate not transferred to the Trustee, and shall be responsible for the protection and preservation of all such property, pending further orders of the Court. If the debtor surrenders any property during the pendency of this case, any surplus proceeds following any sale, foreclosure or other disposition of the described property, shall be paid to the Chapter 13 Trustee.

4. An attorney fee is allowed in the amount of $3,000.00.

5. The percentage to be received by unsecured creditors is to be determined by the Trustee following the bar date for the filing of claims and the Chapter 13 Trustee may adjust the plan payments as necessary to pay a minimum to the unsecured creditors; separate order to be entered.

6. Following the bar date to file proofs of claims, the Chapter 13 Trustee may adjust the plan payments as necessary to capture any excess equity.

7. Any real estate tax claimants shall be treated as fully secured if the plan proposes to treat them as secured debts. *If the debtor(s) surrender(s) any real property during the pendency of this case, the real property will no longer be property of the estate and the automatic stay shall terminate regarding interests of affected real property taxing authorities.*

8. The balances of any student loans shall survive discharge if the plan indicates same.

9. The Trustee may submit an order to the Court adjusting the postpetition regular mortgage payments in which the Trustee is acting as the disbursing agent upon written notice regarding a claim of the type described under 11 USC 1322(b)(5). Plan payments will be increased or decreased according to the adjusted mortgage payment. The mortgage payment adjustment will be based upon the date the written notice is received by the Trustee..

CC:   Timothy H. Ivy

/s/ Timothy H. Ivy
Chapter 13 Trustee

ADT

ROBERT B VANDIVER
227 W BALTIMORE
PO BOX 906
JACKSON, TN  38302-0906

Date:    September 29, 2011

CHAPTER 13 PLAN (INDIVIDUAL ADJUSTMENT OF DEBTS)

| | | | | |
|---|---|---|---|---|
| DEBTOR(S) : | JACKIE JEROME HART | | | |
| BK NUMBER : | 11-12122 | | | |
| ADDRESS : | 175 TATE RD. DYERSBURG, TN 38024 | | , 00000 | |
| PLAN PAYMENT : | (DEBTOR 1) | $94.00 | EVERY TWO WEEKS | - Payroll Deduction |
| PAYEE(S) : | MARVIN WINDOWS 101 MARVIN DRIVE RIPLEY, TN 38063 | | | |
| ADMINISTRATIVE: | Pay filing fee, Trustee fee, and debtor's attorney fee pursuant to Court Order. | | | |

MONTHLY PLAN

AUTO INSURANCE:
```
  AUTO INSURANCE NOT INCLUDED
```

HOME MORTGAGE: If no arrearage, ongoing payments are to be paid directly by the debtor(s)

| | | | | |
|---|---|---|---|---|
| Saxon Mortgage Services, Inc. | ongoing pmt. begin | | | $0.00 |
| Approx. arrearage | $0.00 | Interest | 0.00% | $0.00 |
| For: HOUSE & 1ACRE/175 TATE RD., DYERSBURG, TN | | | | |
| [debtor acts as disbursing agent] | | | | |

| SECURED CREDITORS: | VALUE | INT RATE | MONTHLY PLAN PYMT |
|---|---|---|---|
| [retain lien 11 U.S.C. 1325(a)(5)(B)(i)] | | | |
| ALLY FINANCIAL (F/K/A GMAC)-2003 SATURN L300 | $5,009.00 | 8.00% | $108.00 |
|    SECURED BY AUTOMOBILE - 2003 SATURN L300 | | | |
|      Adequate protection $27.00 monthly | | | |
| HSBC/SUZUKI | $0.00 | 0.00% | $0.00 |
|    SECURED GENERALLY - 2006 SUZUKI MOTORCYCLE | | | |
| [surrendered] | | | |

UNSECURED CREDITORS:  Absent a specific court order otherwise, all claims, other than those specifically provided for above, shall be paid as general unsecured debts. General unsecured creditors will receive a % to be determined by the Trustee following the bar date for the filing of claims; separate order

| | |
|---|---|
| Center for Adult Healthcare | $22.39 |
| Dell Financial Services | $2,302.15 |
| Dyersburg Regional Medical Center | $79.02 |
| Enhanced Recovery Co., LLC | $93.00 |
|   For: AT&T | |
| Forrest Kenton Busch, D.O. P.C. | $260.33 |
| GE Money Bank- JC Penney | $560.63 |
| GE Money Bank- Lowes | $278.83 |
| Independent Radiology Associates, PLC | $79.16 |
| Dyersburg Regional Medical Center | $500.00 |
| Independent Radiology Associates, PLC | $28.18 |
| Independent Radiology Associates, PLC | $1.95 |

TERMINATION: Plan shall terminate upon payment of the above, approximately 60 months.